UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT BARNARD and BRYAN AHRENS, on Behalf of Themselves and on Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>v.<br><br>INTERTEK USA INC D/B/A INTERTEK CALEB BRETT,<br><br>   Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I. SUMMARY

1.  Intertek USA Inc d/b/a Intertek Caleb Brett, (hereinafter "Defendant") required and/or permitted its employees to work in excess of forty (40) hours per week, but refused to compensate them for such hours at a rate of one and one-half times their regular rate of pay for all hours over forty. Furthermore, Defendant failed to compensate Plaintiffs at the federally mandated minimum wage rate.

2.  Plaintiffs Robert Barnard and Bryan Ahrens are non-exempt employees of Defendant. Defendant's conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work at the rate of one and a half times their regular rate, as required by law. *See* 29 U.S.C. § 207(a).

1

3. Plaintiffs bring a collective action to recover unpaid overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendant. Members of the Collective Action are hereinafter referred to as "Class Members."

## II.   SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## III.   PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Robert Barnard is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

7. Plaintiff Bryan Ahrens is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit B."

8. The Class Members are Defendant's entire current and former inspector employees who were denied their wages, including overtime pay and minimum wage pay from the beginning of such violation to the present.

9. Defendant Intertek USA Inc. d/b/a Intertek Caleb Brett, is a Louisiana Corporation that operates a laboratory testing, laboratory outsourcing, cargo inspection, and certification service for clients on a global basis and within the jurisdiction and venue of this division and this Court. This defendant may be served with process by serving its registered agent as follows: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

10. This court has personal jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11. Defendant has and continues to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

12. In particular, Defendant operates in numerous locations throughout Texas, including but not limited to Houston, San Antonio, Elmendorf, Plano, Nederland, Baytown, Corpus Christi, Deer Park, Freeport, Pasadena, Texas City, La Porte, Odessa and The Woodlands.  Defendant employs Texas citizens at each one of these locations. Furthermore, Defendant advertises in the Texas.

13. This cause of action arose from or relates to the contacts of Defendant with Texas, thereby conferring specific jurisdiction over these Defendant as well.

14. In particular, Defendant employed Texas citizens and failed to pay them for all hours worked in accordance with the Fair Labor Standards Act.  This claim is based on the exact contact that Defendant has had with the forum state.

15. Furthermore, Defendant engaged in activities constituting business in the State of Texas in that said Defendant contracted with Texas residents and performance of the agreements in whole or in part thereof was to occur in Texas, and this Defendant recruits or has recruited Texas residents for employment inside or outside this state.

## IV. <u>FACTS</u>

16. Defendant provides laboratory testing, laboratory outsourcing, cargo inspection, and certification services for clients on a global basis. Defendant employs inspectors nationwide to perform these tasks.

17. Plaintiffs are/were employed as inspectors by Defendant.

18. Defendant compensated Plaintiffs on an hourly rate. Defendant compensated Plaintiffs pursuant to a "fluctuating work week" method of overtime calculation resulting in a reduced payment of overtime to Plaintiffs and a minimum wage violation.

19. Defendant improperly implemented the fluctuating work week method in that there was no clear and mutual understanding between the parties that a fixed salary would compensate for all hours worked each week whatever the number may be; the compensation provided to the Plaintiffs was at a rate less than the applicable minimum wage for every hour worked over forty in a work week, Defendant did not pay Plaintiff a fixed salary as required under a fluctuating work week method, and a fixed salary was not paid when a full scheduled week was not worked by the Plaintiffs.

20. The Plaintiffs are not exempt from the overtime and minimum wage requirements under the FLSA.

21. Although Plaintiffs were required to and did in fact frequently work more than forty (40) hours per workweek, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

22. Defendant's method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

### V. FLSA COVERAGE

23. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

24. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

25. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

26. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

27. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

### VI. COUNT ONE: VIOLATION OF 29 U.S.C. § 207

28. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

29. Defendant's practice of failing to pay Plaintiffs time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

30. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiffs.

## VII.  COUNT TWO: VIOLATION OF 29 U.S.C. § 206

31. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

32. Defendant's practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.

33. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiffs.

## VIII.  COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate.  That is, Plaintiffs worked with other inspectors employed by Defendant and are aware that they have also been subject to the same fluctuating work week pay method and FLSA pay violations.

35. Other employees similarly situated to Plaintiffs work or have worked for Defendant, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.  Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

36. Although Defendant permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

37. The Class Members perform or have performed the same or similar work as the Plaintiff.

38. Class Members regularly work or have worked in excess of forty hours during a workweek.

39. Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

40. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

41. Defendant's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

42. The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

43. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

44. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

45. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

46. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

7

47. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**The Class Members are all of Defendant's current and former inspectors subject to Defendant's fluctuating work week compensation method who were not paid at the federally mandated minimum wage rate and/or worked more than forty (40) hours in a workweek but were not paid one and one-half times their regular rate of pay at any time starting three years before this Complaint was filed up to the present.**

## IX. DAMAGES SOUGHT

48. Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate. Additionally, Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

49. Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

50. Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## X. PRAYER

51. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b. All unpaid wages at the FLSA mandated minimum wage rate;

c. An equal amount as liquidated damages as allowed under the FLSA;

d. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

  e. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

         Respectfully submitted,

         **KENNEDY HODGES, L.L.P.**

         By: /s/ Galvin B. Kennedy
           Galvin B. Kennedy
           State Bar No. 00796870
           Federal Bar No. 20791
           711 W. Alabama St.
           Houston, TX 77006
           Telephone: (713) 523-0001
           Facsimile: (713) 523-1116

         **LEAD ATTORNEY IN CHARGE FOR PLAINTIFFS AND CLASS MEMBERS**

OF COUNSEL:
Ricardo J. Prieto
State Bar No. 24062947
Federal Bar No. 1001658
Don J. Foty
State Bar No. 24050022
Federal Id No. 711552
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116