IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT BARNARD and BRYAN AHRENS, On Behalf of Themselves and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>INTERTEK USA INC D/B/A INTERTEK CALEB BRETT,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 4:11-CV-02198<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS DESIGNATION**

Defendant Intertek USA, Inc. replies to Plaintiff's Response to Defendant's Motion to Strike Plaintiffs' Expert Witness Designation as follows:

An untimely-designated expert designation must be stricken from the record, unless the plaintiff proves "excusable neglect." *See* FED. R. CIV. P. 6(b)(1)(B). Here, Plaintiffs fail to proffer **any** reason whatsoever for why their neglect in designating their expert by the Court's deadline is excusable. Given Plaintiff's inability to demonstrate any excuse for failing to meet the Court's deadline, the Court should grant Defendant's motion to strike the expert designation.

Plaintiffs do not argue at all that their untimely designation should be excused; they rather argue for the entry of a modified scheduling order that obviates their failure to meet their designation deadline. Plaintiffs claim that events in the case justifies a new expert deadline yet fail to explain why they did not seek an extension in advance, at the time these events materialized. The events themselves do not support modification.

Plaintiffs first claim that the issuance of notice to the dispatchers justifies resetting their expert deadline. The parties stipulated to the issuance of notice to the dispatchers because they

received some of the same reimbursements at issue in this case.  The issuance of notice to the dispatchers yielded no new information about Plaintiffs' claims for relief and Plaintiffs fail to explain in their Response how the notice caused their failure to designate their expert.  The notice also has done little to alter the composition of the conditional class:  of the 36 individuals who received the dispatcher notice, 19 already had received the inspector notice and 13 had joined the inspector class; only five have joined the dispatcher class.  In short, Plaintiffs declined to seek an extension of their expert deadline when the parties stipulated to the issuance of notice and fail to justify their need for one now.

      Plaintiffs also claim that Defendant has not provided all records for the opt ins.  Again, Plaintiffs failed to timely seek an extension of their expert deadline for this reason and fail to explain in their Response why their proposed expert needed records for all opt ins in order to be designated and to serve a report.  In any event, Plaintiffs' argument that they need every record for every opt in[1] in order to produce a report belies their claim that the opt ins are similarly situated.  This argument neither excuses Plaintiffs' failure to designate nor supports an extension of their expert deadline.

      Furthermore, it is inaccurate for Plaintiffs to claim that Defendant has moved to strike "primarily on the ground that Plaintiffs did not serve an expert report."  Defendants moved to strike because Plaintiffs were untimely in their designation and because their untimeliness prejudiced Defendant's defense of the case.  Overall, there is nothing in Plaintiffs' Response that speaks to why they were late.  As such, there is no adequate reason not to strike the designation, as even an argument in favor of judicial economy would hardly prove excusable neglect.  The court rejected a similar argument in the case cited in Defendant's Motion to Strike, *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F. 3d 875, 882-884 (5th Cir. 2004).

---

[1]    Defendant has been diligent in producing records for individuals who file opt-in notices to join the lawsuit.

Plaintiffs' Response attempts to address only the fourth of the four factors the Fifth Circuit considered in the *Hamburger* case: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Id.*, *citing Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). However, despite Plaintiffs' cursory statements to the contrary, a continuance or an extension would not cure the prejudice that would result from allowing untimely expert testimony or resetting the deadline for Plaintiffs to furnish a report or attempt to designate more experts. As such, the Response is wholly insufficient. In opposing Defendant's motion to strike, Plaintiffs essentially are requesting the Court rule that deadlines do not matter — even when the offending parties cannot offer any excuse for their failure to meet the deadline. Absent any evidence to the contrary, there was sufficient time for them to file their designation, such that their failure to do so cannot be excused.

Tellingly, Plaintiffs also fail to mention that they have had discussions in the past few months with Defendant about extending current deadlines **other than the expert deadline** in the context of alternate dispute resolution. Specifically, the parties discussed participating in mediation once Plaintiffs had taken two corporate witness depositions and Defendant had taken ten opt-ins depositions. The parties agreed that they would ask the court to extend their discovery and dispositive motion deadlines if mediation did not result in a resolution of the case. This course would conserve the parties' and judicial resources. To the extent the court agrees that more time for discovery and dispositive motions is in order, Defendant would urge that it defer entering a new scheduling order unless and until it becomes necessary.

WHEREFORE, Defendants respectfully request the Court uphold the October 26, 2012 deadline and strike the expert designation served after it expired.

        Respectfully submitted,

        /s/ Carolyn Russell
        Carolyn Russell
        SBOT: 24003913
        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
        One Allen Center
        500 Dallas Street, Suite 3000
        Houston, TX  77002
        713.655.0855
        713.655.0020 (Fax)

        ATTORNEY-IN-CHARGE FOR DEFENDANT

OF COUNSEL:

Peter O. Hughes
New Jersey #033401987
*Admitted Pro Hac Vice*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
973.656.1600
973.656.1611 (Fax)

Sunita P. Shirodkar
SBOT: 24066068
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX  77002
713.655.0855
713.655.0020 (Fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of November, 2012, I served this document in accordance with the Federal Rules of Civil Procedure on the following:

Galvin B. Kennedy
Kennedy Hodges, L.L.P.
711 W. Alabama St.
Houston, TX 77006

                                          /s/ Carolyn Russell
                                          Carolyn Russell