```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| ROBERT BARNARD and BRYAN AHRENS, on Behalf of Themselves and on Behalf of All Others Similarly Situated, § § § § § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. H-11-2198 |
| § | |
| INTERTEK USA INC. D/B/A/ INTERTEK CALEB BRETT, § § § | |
| Defendant. § | |

**ORDER**

Pending before the court is Defendant's Motion to Strike Plaintiffs' Expert Witness Designation (Doc. 149). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES** Defendant's motion.

This class action case involves claims for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. On July 5, 2012, the parties moved to extend the deadlines governing the litigation, as contained in the court's docket control order.[1] The court granted the motion, extending Plaintiffs' identification of their experts and production of their experts' reports to October 26, 2012.[2]

On October 12, 2012, two weeks before Plaintiffs' expert

---

[1] See Doc. 118, Agreed Mot. to Am. Scheduling Or.; see also Doc. 36, Doc. Control Or.

[2] See Doc. 120, Or. Granting Agreed Mot. to Am. Scheduling Or.

identifications and experts' reports were to be produced to Defendant, the parties stipulated that an additional group of employees should be conditionally certified as a separate class in the lawsuit.[3] The parties agreed that notice would be issued to potential members of the new class within one week and that these potential members would have forty-five days from the mailing of the notices to join the lawsuit.[4] Despite these events, Plaintiffs did not seek any alteration of the court's amended scheduling order at this time.

Plaintiffs failed to identify their experts or produce any expert reports to Defendant by October 26, 2012. Indeed, Plaintiffs did not notify Defendant about their sole expert witness until approximately three weeks after the deadline for doing so, on November 13, 2012. On November 15, 2012, Defendant filed the pending motion to strike Plaintiffs' expert designation as untimely.[5] As of the date of Defendant's pending motion, Plaintiffs had not produced any expert report. In response to Defendant's motion, Plaintiffs direct the court's attention to the expansion of the class pursuant to the parties' October 12 stipulation, the ongoing opt-in period for potential class members, and Defendant's alleged failure to produce all the records for the class members as

---

[3] See Doc. 147, Jt. Stip., ¶ 1.

[4] See id. ¶¶ 6-7.

[5] See Doc. 149, Def's. Mot. to Strike.

reasons that the deadline for producing their expert identification and expert's report to Defendant should be extended.[6]

The court agrees with Defendant that Plaintiffs could and should have timely moved to extend their deadline for identifying experts and producing experts' reports at the time the issues cited by Plaintiffs arose, instead of expending the parties' and the court's resources by inducing the pending motion. Nonetheless, the court **ORDERS** that Plaintiffs shall have twenty days from entry of this order to deliver their expert witness designations and all experts' reports to Defendant. Defendant shall have thirty days from receipt thereof to designate its expert witnesses and produce its experts' reports to Plaintiffs. Discovery is extended to March 15, 2013.

**SIGNED** in Houston, Texas, this 23rd day of January, 2013.

Nancy K. Johnson
United States Magistrate Judge

---

[6] See generally Doc. 151, Pls.' Resp. to Def's. Mot. to Strike; see also Doc. 152, Def.'s Reply to Pls.' Resp. to Def.'s Mot. to Strike.